IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**KELLNUM LANDRAU-LOPEZ**
  Petitioner,

  v.                                              CIVIL NO. 07-1674(PG)
                                                  RELATED CRIM. 04-103(PG)
**UNITED STATES OF AMERICA,**
  Respondent.

### OPINION & ORDER

Before the Court is Petitioner's 28 U.S.C. Sec. 2255 Habeas Corpus Petition (D.E.1)[1]. Respondent filed a Response to the Petition (D.E.4). Petitioner file a Reply to the Response (D.E.5). For the reasons discussed below, the Court finds the Petition shall be DENIED.

### I. BACKGROUND

On March 3, 2004, Petitioner, Kellnum Landrau-Lopez, (hereinafter "Petitioner" or "Landrau-Lopez") was indicted along with four (4) other co defendants with conspiracy and possession with intent to distribute at least five (5) kilograms or more of cocaine, all in violation of Title 21, United States Code, Section 841(a)and 846. (Crim. D.E. 2)[2]. On March 11, 2004, Petitioner was arrested and ordered detained without bail pending his arraignment and bail hearing (Crim. D.E. 11). On March 17, 2004, Landrau-

---

[1] D.E. is an abbreviation of docket entry number.

[2] Crim. D.E. is an abbreviation for criminal docket entry.

Civil No. 07-1674(PG)                                                          Page 2

Lopez's Arraignment and Bail Hearing was held, Petitioner's bail was set at one hundred thousand dollars ($100,000.00) cash or secured. (Crim. D.E. 26). On April 8, 2004, Petitioner posted bail he was given his conditions of release and Landrau-Lopez was released pending trial on a secured bond of one hundred thousand dollars ($100,000.00). (Crim. D. E. 46).

On September 28, 2004, Landrau-Lopez's jury trial started. (Crim. D.E. 111). Petitioner was on trial for four (4) days. On October 6, 2004, Landrau-Lopez was found guilty, by a jury, as to count one (1) of the Indictment. (Crim. D.E. 119). Petitioner was ordered committed to the Bureau of Prisons his bail revoked. (Crim. D.E. 117).

On December 22, 2204, Petitioner through his counsel, file objections to the PSI Report that had been submitted. (Crim. D.E. 140). On January 10, 2005, the government filed it's oppositions to the objections raised by Petitioner to the PSI. (Crim. D.E. 143).

On January 11, 2005, Landrau-Lopez was sentenced to a term of imprisonment of one hundred and fifty one months (151) as to count one (1), a term of supervised release of five (5) years and a special monetary assessment of one hundred dollars ($100.00). (Crim. D. E. 146). On January 18, 2005, Petitioner through his counsel filed a motion under Rule 35 for Reconsideration and/or Correction of Sentence. (Crim. D.E. 147). On January 18, 2005, the Court entered an order denying Petitioner's motion under Rule 35.

Civil No. 07-1674(PG)                                                Page 3

(Crim. D.E. 149).

On January 26, 2005, Landrau-Lopez filed a notice of appeal. (Crim. D.E. 156). Conviction was affirmed on appeal, United States v. Landrau-Lopez, 444 F.3d 19 (1st Cir. 2006). Certiorari was denied on October 2, 2006, Landrau-Lopez v. United States, 127 S.Ct.181 (2006). Landrau-Lopez timely filed the instant 2255 petition.

## II. DISCUSSION

In his Petition under 28, U.S.C. Sec. 2255, Landrau-Lopez raises three (3) separate instances of ineffective assistance of counsel, he further avers that an evidentiary hearing is needed to "show the merit of the claims" and to supplement the record.

Landrau-Lopez first alleges that during trial, sentencing and on direct appeal his attorneys were inadequately prepared since they failed to investigate the facts surrounding the case[3]. Petitioner's second argument is one of Apprendi alleging that counsel was ineffective for not raising an Apprendi argument. Landrau-Lopez's final argument is that a variance in the indictment was never addressed during the proceedings or on appeal.

Landrau-Lopez's arguments lack merit, are contravened by the record and as such are hereby denied.

### A. 28 U.S.C. Sec. 2255 standards and exhaustion

---

[3]Petitioner had the same attorney for trial and sentence and a different attorney at the appellate level.

**requirements**

Title 28 U.S.C. Sec. 2255 allows a federal prisoner to move the court to vacate, set aside, or correct his sentence if one of the following events happens:

1. the sentence was imposed in violation of the Constitution or laws of the United States...
2. the court was without jurisdiction to impose the sentence
3. The sentence was in excess of the maximum authorized by law or...
4. The sentence is otherwise subject to collateral attack.

When a prisoner files a motion for relief pursuant to section 2255, the court may dismiss the motion without an evidentiary hearing if "the motion and files and records of the case show conclusively that the movant is not entitled to relief."

It is well settled law that a section 2255 motion is not a substitute for an appeal. Therefore, the defendant must first raise his claims on direct appeal before bringing the claim in a section 2255 motion. United States v. Essig, 10 F.3d 968 (3d Cir 1993). If a defendant fails to preserve his claim on direct appeal a court may not consider the claim in a subsequent section 2255 motion, unless the defendant can establish "cause and prejudice", United States v. Frady, 456 U.S. 152, 167 (1982); or a "fundamental miscarriage of justice". Murray v. Carrier,

477 U.S. 478, 496 (1986). The exception to this dogma of the exhaustion requirement is the allegation of ineffective assistance of counsel which may be brought for the first time in a section 2255 motion.

### B. Claim of Ineffective Assistance of Counsel

To establish ineffective assistance of counsel, a defendant must show that:

1. His attorney's performance was deficient, and
2. The deficient performance prejudice his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984).

In order to establish deficiency, a defendant must establish that counsel's performance "fell below an objective standard of reasonableness under prevailing professional norms." Strickland 466 U.S. at 688. Under Strickland counsel is presumed to have acted within the range of "reasonable professional assistance," and it is defendant who bears the burden of "overcoming the presumption that, under the circumstances, that challenged action 'might be considered sound trial strategy.'" Strickland, 466 U.S. at 689. To show prejudice, a defendant must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

A claim of ineffective assistance of counsel should therefore first address Landrau-Lopez's non compliance with the requisites in Strickland v. Washington, 466 U.S. 668 (1984). It is pellucidly clear that Petitioner was obligated to show both counsels' performances fell below an objective standard of reasonableness and that prejudice resulted from it. Strickland, 466 U.S. at 687. See also Lopez-Nieves v. United States, 917 F.2d 645, 648 (1st Cir. 1990). He must do this as to each particular instance in which he claims ineffective assistance of counsel and as to each of his attorneys he claims were ineffective. Each counsels' performance must be examined "not in hindsight, but based on what the lawyer knew, or should have known, at the time his tactical choices were made and implemented." United States v. Natanel, 938 F.2d 302, 309 (1st Cir. 1992). The "range of reasonable professional assistance" is quite wide. See Strickland, 466 U.S. at 689. Therefore the Supreme Court has stated that, "judicial scrutiny of counsel's performance must be highly deferential." See Strickland, 466 U.S. at 689.

Under Strickland Petitioner is required to identify acts or omissions by counsel which need to be outside the wide range of professional competent assistance and the harm such actions caused. Petitioner has identified three separate instances of what he deems to be ineffective assistance of both his counsels. However, mere blatant assertions of ineffective assistance of counsel that are

Civil No. 07-1674(PG)                                                    Page 7

contrary to the record are meritless and insufficient. In the case at hand Petitioner has failed to meet the <u>Strickland</u> standard in each of his allegations.

Furthermore, since the alleged acts raised by Petitioner are mere assertions that are refuted by the record and the evidence submitted during the trial of the case, his petition is denied without a hearing. <u>Lema</u> v. <u>United States</u>, 987 F.2d 48 (1st Cir. 1993).

Landrau-Lopez relies exclusively on the belief that this Court will grant an evidentiary hearing wherein he will be able to present and develop his claims. Petitioner is mistaken. Petitioner's allegations that both his trial and appeal attorneys failed to investigate the case, that his sentence is contrary to the jury verdict and that there was an actual constructive amendment to the indictment, are all matters that have not been properly raised or argued in Landrau-Lopez's petition. It is well settled law that ineffective assistance of counsel claims raised in a perfunctory manner in a section 2255 proceeding are deemed waived, <u>Scarpa</u> v. <u>DuBois</u>, 38 F.3d 1 (1st Cir. 1994). In a post conviction proceeding, the burden lies on the Petitioner to demonstrate ineffective assistance by a preponderance of the evidence, <u>Barrett</u> v. <u>United States</u>, 965 F.2d 1184 (1st Cir. 1992), Petitioner in this case has failed to meet the burden.

**Petitioner's attorneys during trial, sentencing and on direct appeal were inadequately prepared since they failed**

Civil No. 07-1674(PG) Page 8

**to investigate the facts surrounding the case.**

This first allegation raised by Petitioner has no support in the record. A fair assessment of an attorney's performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and evaluate the conduct from a counsel's perspective at the time. Strickland, 466 U.S. at 689.

A review of the record evidences trial counsel's diligence throughout the entire criminal case. Trial counsel on numerous occasions argued for different discovery information and requested assistance from the court on the matter (Crim. D.E. 59, 67, 94, 95 & 101). In addition the record reflects that Petitioner's counsel actively opposed the government's intention to introduce 404(b) evidence and requested a dismissal of the indictment (Crim. D.E. 103 & 109).

A reading of the trial transcript indicates that Petitioner's counsel was a forceful advocate for his client throughout the trial process. This was even acknowledged by the court at the end of the trial.

> The Court: On behalf of myself, I congratulate both of you. Although it may sound cynical but the case was tried as I like to have a case tried, both professionally. You present your points, you make your objections and I resolve them and it works well done both sides. Thank you very much.

Civil No. 07-1674(PG)                                          Page 9

You may withdraw. (T.Tr. 10/6/04, pp. 335-336).

Simply put the claim of ineffective assistance of counsel as to Petitioner's trial counsel is meritless and unfounded.

As to Landrau-Lopez's allegation of ineffective assistance of his appeal counsel; Petitioner must be able to satisfy both prongs of the Strickland test in order to prevail in his claim. The burden placed on appellate counsel is significant, and courts are reluctant to second guess tactical decisions. Nonetheless, appellate counsel are expected to cull from many non-frivolous arguments the best and advocate only those. Jones v. Barnes, 463 U.S. 745 (1983). In order to show that appellate counsel was ineffective Petitioner must be able to demonstrate that the ignored issues were clearly stronger than those advanced. Smith v. Robbins, 528 U.S. 288. Petitioner has failed at this task.

Landrau-Lopez has failed to elaborate which arguments he deems should have been raise by appellate counsel and the reasoning as to why those overlooked arguments would have given Petitioner a different outcome at the appellate level.

A review of the Appellate Court's decision in Landrau-Lopez's case indicates that appellate counsel raised two issues on appeal and argued them to the best of his ability. Although appellate counsel was un successful in his quest this does not mean that he was ineffective.

Petitioner has failed to demonstrate how his trial and appellate counsel were ineffective and has failed to meet the Strickland standard therefore his first argument of ineffective assistance of counsel is denied.

**Petitioner's counsel was ineffective pursuant to Apprendi v. New Jersey, 530 U.S. 466 (2000).**

Petitioner contends that he received ineffective assistance from trial and appellate counsel because they failed to raise an Apprendi/Blakely argument. The argument fails because in the case at bar, an Apprendi defense was not a matter that was available to be raised on behalf of Petitioner.

Apprendi holds that "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi, 530 U.S. at 490. Additionally, Apprendi "applies only when the disputed fact enlarges the applicable statutory maximum and the defendant's sentence exceeds the original maximum." United States v. Caba, 241 F.3d 98, 101 (1sst Cir.2001). In the instant case, Landrau-Lopez was sentenced to a term of imprisonment of one hundred fifty one (151) months. This term did not exceed the statutory maximum of life imprisonment, nor was it outside the guideline range of one hundred fifty one to one hundred eighty eight (151-188) months.  Contrary to Petitioner's position, the sentence did not exceed the statutory maximum Apprendi had no effect

Civil No. 07-1674(PG)                                                    Page 11

on Petitioner's sentence.

In addition, Landrau-Lopez's argument can not prosper as to <u>Blakely</u> v. <u>Washington</u>, 542 U.S. 296 (2004). In the case at hand the jury determined that Petitioner had conspired to distribute in excess of five (5) kilograms of cocaine, and used a special verdict form to clearly establish their verdict findings (T.Tr. 10/6/4, p. 331). Furthermore, at sentencing Petitioner's sentence was not enhanced by the Court. (S.Tr., p.20). Therefore, since <u>Blakely</u> had no effect on Landrau-Lopez's sentence, the second argument of ineffective assistance of counsel is denied.

**Counsel was ineffective for not arguing that a variance in the indictment had occurred.**

Petitioner's final argument is that his trial counsel was ineffective because he failed to object to the substantive amendments and/or variance of the Indictment which broadened its charging terms. Landrau-Lopez further states that a substantive amendment and/or a variance are ground for reversible error. This argument lacks merit.

An indictment may be the subject of an actual amendment, a constructive amendment, or a variance. An actual amendment occurs when the prosecutor actually changes the text of the indictment. <u>United States</u> v. <u>Prince</u>, 214 F.3d 740 (6th Cir. 2000).

A constructive amendment to an indictment results when the terms of an indictment are in effect altered by the

presentation of evidence and the jury instructions which so modify essential elements of the offense charged that there is a substantial likelihood that the defendant may have been convicted of an offense other than the one charged in the indictment.  United States v. Stirone, 361 U.S. 212 (1960).  Both actual and constructive amendments are considered per se prejudicial and are reversible error. United States v. Rodriguez, 215 F.3d 110 (1st Cir. 2000).

"A variance occurs when the charging term of the indictment are uncharged, but the evidence at trial proves facts materially different from those alleged in the indictment." United States v. Flowal, 163 F.3d 956, 962 (6th Cir. 1998).

In the present case the Indictment specifically charged:

> From on or about July 23, 2003, to on or about November 11, 2003, in the District of Puerto Rico, and elsewhere, and within the jurisdiction of this court,..., the defendant herein in did knowingly, intentionally, and unlawfully conspire and agree with each other and with diverse other persons known and unknown to the Grand Jury, including but not limited to: Melvin Poupart-Orengo, not indicted herein, to commit the following offense(s) against the United States: possess with intent to distribute five (5) kilograms

or more of Cocaine, a schedule II Narcotic Drug Controlled Substance, in violation of Title 21, <u>United States Code</u>, Section 841(a). All in violation of Title 21, <u>United States Code</u>, Section 846... (Crim. D.E. 2, p.2)

A review of the trial transcripts reflect that neither an actual nor a constructive amendment occurred. There is not a single instance where the government's evidence deviated from the charged offense. Furthermore, the jury was properly charged, and there is no evidence of an actual or constructive amendment of the Indictment. Nor was there a variance.

This final claim of ineffective assistance of counsel not only lacks merit but is completely contravened by the record. The Court is left to wonder if this is merely a case of a Petitioner looking for any excuse whatsoever to get out of a sentence correctly imposed based on a thoroughly prosecuted and defended trial.

**Evidentiary hearing**

Petitioner is under the impression that he is entitled to an evidentiary hearing. The fact is that in this case Landrau-Lopez has failed to raise any cognizable issue under section 2255. Petitioner's request for an evidentiary hearing is denied.

Evidentiary hearings in section 2255 cases are the exception, not the norm, and there is a heavy burden on the petitioner to demonstrate that an evidentiary hearing is

warranted. Moreno-Morales v. United Sates, 334 F.3d 140 (1st Cir. 2003). An evidentiary hearing "is not necessary when a section 2255 petition is inadequate on its face, or although facially adequate, is conclusively refuted as to the alleged facts by the files and records of the case." United States v. DiCarlo, 575 F.2d 952, 954 (1st Cir. 1978).

Such is the case of Landrau-Lopez's section 2255 petition it is simply unsupported by the facts and evidence on the record in this case.

### III. CONCLUSION

For the reasons stated, the Court concludes that Petitioner **KELLNUM LANDRAU-LOPEZ**, is not entitled to federal habeas relief on the claim presented. Accordingly, it is ordered that petitioner **KELLNUM LANDRAU-LOPEZ's** request for habeas relief under 28 U.S.C. Sec. 2255 as well as his request for evidentiary hearing(D.E.#1) is **DENIED**, and his Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. Sec. 2255 is **DISMISSED WITH PREJUDICE.**

### IV. CERTIFICATE OF APPEALABILTY

For the reasons previously stated the Court hereby denies Petitioner's request for relief pursuant to 28 U.S.C. Section 2255. It is further ordered that no certificate of appealability should be issued in the event that Petitioner files a notice of appeal because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. 2253(c)(2).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 29 of September 2010.

*Juan M. Pérez-Giménez* (signature)
JUAN M. PEREZ-GIMENEZ
UNITED STATES DISTRICT JUDGE